## W. T. GANN v. SHAW & SON.

### IN COURT OF APPEALS, AUSTIN TERM, 1884.

*Pleading—Evidence.*—Where a defendant in his answer admits the cause of action, such cause of action is not an issue in the case, and the plaintiff is entitled to judgment, unless the defendant sustains by evidence some matter of defence.

*Burden of Proof.*—where a defendant is sued upon a contract, and pleads in avoidance, failure of consideration, and in reconvention for damages, the burden of proof is upon him to establish these defences.

*Contract—Rescission of.*—A court of equity will not rescind a contract unless fraud appear, or there has been a plain and palpable mistake affecting the very substance of the subject matter of the contract.

*Fraud.*—Every misrepresentation in regard to anything which is a material inducement to a sale, which is made to deceive, and which does deceive the vendee is fraud, and vitiates the contract.

Appeal from Williamson county.

Smith & Strickland, and W. M. Key, for appellant.
No counsel marked for appellee.

Willson J. : Appellant Gann brought this suit against appellees to recover the sum of $600 and interest, purchase money of an engine and boiler and appurtenances thereto, sold by him to them. Appellees admitted in their answer, the cause of action as alleged in the petition, but pleaded in avoidance thereof, that appellant at the time of selling said engine, boiler, etc., to them, represented

that the same were in good order and working condition, and fit for the use that appellees wanted the same for; that they relied upon said representations, and were induced thereby to purchase the property; that said engine and boiler were at the time entirely worthless, and that they have never been able to use the same, because of defects therein; that the said representations made by appellant to them, about said machinery, were false, etc.; that they had offered to rescind said sale, and appellant had refused to do so. They pleaded failure of consideration, reconvened for damages, prayed for rescission of contract, etc. There was a verdict in favor of appellees as follows: "We, the jury, find the defendants entitled to a 'recention' of contract, and assess damages at $756." Appellees remitted the damages, and judgment was entered upon this verdict in effect cancelling the contract, and against appellants for costs.

No question is raised as to the pleadings in the case, the errors assigned being confined principally to the charge of the court. Without considering and discussing in detail the several objections made to the charge, we will state as concisely as we can what we conceive to be the law of the case, and then determine whether or not, the charge sufficiently and correctly presented to the jury, the law as we understand it to be.

Appellees having admitted in their answer, appellants cause of action as alleged in his petition, said cause of action was not an issue in the case, and appellant was not required to introduce any evidence in support thereof. He was entitled to judgment as prayed for in his petition, unless appellees sustained by evidence the matters of defence specially pleaded by them. (Hedgepeth v. Robertson, 18 Texas, 858).

Appellees having pleaded in avoidance of their contract and a failure of consideration, and in reconvention of damages, the burden of proof was upon them, to establish by evidence these defences. (W. & W. Con. Rep., Sec. 186-260-1178).

A court of equity will not rescind a contract unless fraud appear, or there has been a plain and palpable mistake affecting the very substance of the subject matter of the contract. (W. & W. Con. Rep. 1309). Every misrepresentation in regard to anything which is a material inducement to a sale, which is made to deceive, and which actually does deceive the vendee, is fraud and vitiates the contract. (Wentz v. Morrison, 17 Texas, 372; W. & W. Con. Rep., 4-

1289). In the case before us, in order to make good the defence of fraud pleaded by appellees, it was necessary for them to show by evidence: First, that appellant made false representations to them, in regard to the property sold, as alleged in their petiton. Second, that such representations were in regard to something which was a material inducement to the sale. Third, that they believed and relied upon such representations and were induced thereby to make the contract. Fourth, that upon discovering the fraud, they promptly, within a reasonable time, demanded a rescission of the contract. (2 Par. Con. 921, et seq).

The burden of proving these matters to the satisfaction of the jury, by a preponderance of evidence, devolved upon appellees, and until they had discharged this burden, they were not entitled to a rescission of the contract. Upon a careful examination of the main charge of the court, and of the special charges given at the request of the parties, we find several material errors and contradictions, which were calculated to, and in our opinion did mislead the jury. We shall not consume time in pointing out and discussing the errors which we think are contained in the instructions given to the jury. Taken altogether, the charge does not present the law of the case, as we understand it, and as we have endeavored to state it, upon the principal issues involved.

Other questions raised in the record do not require notice, as they are not likely to occur on another trial.

We think that upon a fair and correct exposition of the case to a jury, a proper verdict will be arrived at, and we reverse the judgment and remand the case for a new trial.

NOTE.—On page 272, in The Hamberg-Bremen Fire Insurance Co. v. E. J. Moses, read In Supreme Court instead of Court of Appeals.